**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **v.** | * | **Case No.: GJH-16-84** |
| | * | |
| **GLENN K. WILCOTT,** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Defendant Glenn K. Wilcott is currently serving a sentence of 60 months of incarceration after pleading guilty to (1) aggravated identity theft and (2) felon in possession of firearms and ammunition. ECF No. 31, 55. Pending before the Court is Mr. Wilcott's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 64. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Wilcott's Motion is denied.

**I.       BACKGROUND**

On December 2, 2016, Defendant pleaded guilty to aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) ("Count Two") and felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). ECF No. 31. Attached to the plea agreement was a statement of stipulated facts describing the conduct supporting Mr. Wilcott's guilty plea. ECF No. 31-1.

The stipulation states that, since at least 2004, Mr. Wilcott used the identity of a United States citizen, obtaining a passport in that person's name and using it for travel outside of the

United States. ECF No. 31-1 at 1. On or about April 12, 2014, Mr. Wilcott submitted a passport renewal form, but passport adjudicators discovered several fraud indicators in the form, including the fact that the Social Security number listed belonged to a person who was deceased. *Id.* Additionally, on or about February 29, 2016, law enforcement executed a search of Mr. Wilcott's residence and recovered items including, but not limited to, a shotgun, two rifles, shotgun shells, a variety of cartridges, and a pen gun that met the definition of a firearm. *Id.* Prior to his possession of these items, Mr. Wilcott had been convicted of a crime punishable by more than one year of imprisonment, making him ineligible to possess the firearms and ammunition. *Id.*[1]

Defendant's sentencing hearing was held on June 27, 2017. ECF No. 51. Based on an offense level of 19 and Defendant's criminal history score placing him in criminal history category II, the Court determined that Defendant's advisory sentencing guidelines range for Count Three was 33 to 41 months, with a mandatory 24-month consecutive sentence to be imposed for Count Two. ECF No. 56 at 1. The Court sentenced Mr. Wilcott to a total of 60 months incarceration; consisting of 36 months on Count Three and a consecutive 24 months on Count Two. ECF No. 55 at 2. The Court additionally imposed a three-year term of supervised release. ECF No. 55 at 3.

On January 27, 2021, Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing his wife's battle with breast cancer and her inability to care for herself and their young children. ECF No. 64. The Government filed an Opposition on March 1, 2021. ECF No. 68. Defendant filed a Reply on March 5, 2021. ECF No. 70.[2]

---

[1] On October 9, 1984, Mr. Wilcott had been convicted of Aggravated Manslaughter and was sentenced to over 34 years imprisonment, completing his sentence on April 20, 2001. ECF No. 35 at 7-8.
[2] All motions to seal and motions related to the filing deadlines for the pending motions are granted. ECF Nos. 63, 65, 66, 67, 69.

## II.    DISCUSSION

Asserting that his wife's breast cancer makes it impossible for her to care for herself and the couple's young children, including a 3 year-old with special needs, Mr. Wilcott moves for a reduction in his sentence for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 64.

### A.  Governing Provisions

Recently modified by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5238 (2018), 18 U.S.C. § 3582(c) bars courts from modifying terms of imprisonment once imposed unless certain conditions are met. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). In relevant part, § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1).

Accordingly, after determining whether administrative remedies have been exhausted, the Court typically next considers whether a reduction is warranted for extraordinary and compelling reasons, the meaning of which is a matter of the Court's independent discretion. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). Next, the Court assesses whether "such a reduction is

3

consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;" that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. Finally, § 3582(c)(1)(A) provides that, after considering the Policy Statement, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable[.]"

### B. Exhaustion of Administrative Remedies

As noted previously, § 3582(c)(1)(A) requires that a defendant seeking a modification of a term of imprisonment "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant filed a request for compassionate release with the Warden and his request was denied. ECF No. 64-2. Therefore, he has exhausted his administrative rights.

### C. Dangerousness and 3553 Factors

Mr. Wilcott's basis for release, his wife's illness and her resulting inability to raise their children without assistance, raises an interesting question as to whether he has presented extraordinary and compelling reasons warranting a sentence reduction. The Court need not reach the question, however, because even if the Court assumed he had presented such reasons, the Court would deny his request.

As noted previously, the Policy Statement, U.S.S.G. § 1B1.13, directs that, to proceed with a sentence reduction, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;" that "[t]he defendant is not a danger to the safety of any other person or

to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. To determine whether a defendant is a danger under § 3142(g), courts consider the (1) "nature and circumstances of the offense charged"; (2) "weight of the evidence against the person"; (3) "history and characteristics of the person"; and (4) "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

With respect to the sentencing factors, § 3553(a)(1), "the nature and circumstances of the offense and the history and characteristics of the defendant," and § 3553(a)(2), "the need for the sentence imposed" to further several purposes, are relevant in weighing compassionate release motions. *See United States v. Williams*, No. 19-cr-284-PWG, 2020 WL 3447757, at *5 (D. Md. June 24, 2020). The purposes listed in § 3553(a)(2) include:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

After considering Mr. Wilcott's potential dangerousness and the § 3553(a) factors, the Court concludes that compassionate release is not appropriate. In short, Mr. Wilcott served multiple decades in prison for the crime of Aggravated Manslaughter and within three years was already engaged in new criminal conduct. Additionally, at the time of the execution of the search warrant, he was found in possession of multiple rifles, ammunition, and a pen gun. In the context of his past criminal history, his possession of firearms was of grave concern to the Court at the

time of sentencing and remains so today.[3] Although the Defendant has now completed most of his sentence, the Court nonetheless finds that it is appropriate that he finish the time imposed at sentencing.

## III.   CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A)(i), ECF No. 64, is **DENIED**.

Date: <u>May 4, 2021</u>                         ___/s/_____
                                                          GEORGE J. HAZEL
                                                          United States District Judge

---

[3] Regarding Defendant's argument that a "quirk" in the Guidelines enhanced his overall sentence, the combination of prior violence and the possession of firearms makes the overall sentence consistent with the § 3553(a) factors, particularly the need to protect the public.